COPY

Filed
7/5/2022 12:00 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sylvie Le

NO. 22-DCV-294949

| | | |
|---|---|---|
| **CONNIE M. LUHMAN** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | Fort Bend County - 400th Judicial District Court |
| | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **THE KROGER COMPANY** | § | |
| **Defendant(s).** | § | **FORT BEND COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURES

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES CONNIE M. LUHMAN**, hereinafter called Plaintiff, complains of THE

KROGER COMPANY d/b/a KROGER #392 ("Kroger") at 6425 FM 1464, Richmond, Texas. for cause

of action and would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3 of the Texas

Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.1     This case arises from injuries that were sustained at 6425 FM 1464, in the City of

Richmond located in Fort Bend County, Texas

2.2     This Court has jurisdiction over this controversy because the damages are within the

jurisdictional limits of this court. Plaintiff seeks monetary relief of not more than 250,000, including

damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees.

Page 1 of 5

**EXHIBIT A**

2.3     Venue is proper in Fort Bend County, Texas as the conduct and the cause of action which forms the basis of this claim accrued in whole or in part in Fort Bend County, Texas.

### PARTIES AND SERVICE

3.1     Plaintiff, **CONNIE M. LUHMAN**, is an individual who resides in McClennan County, Texas.

3.2     Defendant, conducts business under the name THE KROGER COMPANY ("Kroger") and is a foreign corporation incorporated in the State of Ohio and is authorized to to operate business in the State of Texas. Defendant, Kroger may be served with process by serving the registered agent of the corporation, Corporation Service Company d/b/s CSC-Lawyers Inc. at the following address: 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

3.3     Service of process is requested at this time.

### REQUEST FOR DISCLOSURE

4.1     Plaintiff requests DISCLOSURE, pursuant to TRCP 194(a) - (k) from Kroger.

### PRECIPITATING FACTS

5.      On or about July 10, 2020, CONNIE LUHMAN was was in invitee at Kroger 392, located at 6425 fm 1464, Richmond, Texas ("the subject grocery store"). Plaintiff was shopping at the time of the incident. Defendant(s) owned and maintained the subject premises. As Plaintiff was shipping inside of the subject grocery store, Plaintiff slipped and fell on liquid located on one of the aisles in the store. The aisle floor was not slip resistand, nor did Defendant adequately maintain the aisle. Plaintiff's feet slipped out from under her and she was unable to maintain her balance, fell to the floor, and suffered serious bodily injuries.

Page 2 of 5

**EXHIBIT A**

## NEGLIGENCE OF KROGER

6.     CONNIE LUHMAN's injuries were proximately caused by the negligence of the defendant, Kroger. Kroger is liable to Plaintiff under the theory of premises liability and negligence, including but not limited to, the following:

(1)     Failing to exercise reasonable care to properly monitor the premises for the existence of a hazardous condition as a reasonable premises owner would;

(2)     Failing to exercise reasonable care in providing adequate maintenance to ensure the premises was free from slip hazards as a reasonable premises owner would;

(3)     Failing to clean the floor of the premises in a safe manner as a reasonable premises owner would;

(4)     Failing to exercise reasonable care in providing the invitees of the stor's premises with adequate warning of a hazardous condition located on the premises as a reasonable premises owner would;

(5)     Failing to prement invitee's access to an area on the premises where a hazardous condition was know to exist as a reasonable premises owner would;

(6)     Failing to provide adequate staffing resources to ensure that invitees were provided a premises that was free from a defective condition that could lead to a slip and fall.

## DAMAGES FOR CONNIE M. LUHMAN

7.     As a direct and proximate result of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

(1)     Reasonable medical care and expenses in the past;

(2)     Reasonable and necessary medical care and expenses that within reasonable

**EXHIBIT A**

probability, will be incurred in the future;

(3)     Physical pain and suffering in the past;

(4)     Physical pain and suffering, that within reasonable probability, will be sustained in the future;

(5)     Mental anguish in the past;

(6)     Mental anguish that, within reasonable probability, will be sustained in the future;

(7)     Physical impairmet in the past;

(8)     Physical impairment that, within reasonable probability, will be sustained in the future; and

(9)     Incidental Damages and expenses

7.2     As a direct and proximate result of Kroger's negligent acts and omissions CONNIE LUHMAN has suffered losses and damages in a sum within the jurisdictional limits of the Court, and for the recovery of which this lawsuit is asserted.

## JURY DEMAND

8.     Plaintiff hereby demands a trial by jury.

## RULE 193.7 NOTICE

9.     Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## RULE 28 REQUEST.

10.     In the event that any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentificaiton", "misnomer" and/or such parties anre/were alter egos"

Page 4 of 5

**EXHIBIT A**

of parties named herein.  Alternatively, Plaintiff conds that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

  10.1 To the extent that any defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that defendants answer in its correct legal and assumed name.

**PRAYER**

  WHEREFORE, PREMISES CONSIDERED, Plaintiff, CONNIE LUHMAN respectfully prays that Defendant, Kroger be cited to appear and answer herein, and that this cause be set for trial before a jury, that she recovers judgment of and from Defendant for the actual damages in such amount as the evidence may show, and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of court, and such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted,

*/ s / Wendy A. Thomas*

_____

WENDY A. THOMAS
Attorney at Law
SBN: 19874700
P.O. Box 150722
Austin, Texas 78715
Tel: 832-245-4503
Fax: 832-487-8662
Email: wat.legal.email@gmail.com

Page 5 of 5

**EXHIBIT A**
